UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL LATHAM,

        Plaintiff,

Case No. 1:06-cv-150

Hon. Gordon J. Quist

v.

ROGER PATE, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on a motion filed by defendants Pate, Scheitz and Christenson pursuant to Fed. R. Civ. P. 56(b) and 42 U.S.C. § 1997e(a), which seeks dismissal of plaintiff's complaint for failure to exhaust administrative remedies (docket no. 20).

    **I.**    **Introduction**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Here, plaintiff alleges that he suffered serious injuries when defendants assaulted him on March 26, 2004.  Plaintiff alleges that defendants violated his federal rights as guaranteed under the Eighth and Fourteenth Amendment rights.  In addition, plaintiff seeks relief under state law for violation of Article 16 of the Michigan Constitution.  He asks for compensatory damages in the amount of $700,000.00 and punitive damages.

## II.     Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement sua sponte.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.) (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).  The exhaustion requirement, while not jurisdictional, is mandatory and must be addressed in the first instance by the district court in all prisoner civil rights cases before the merits of the case are addressed.  *See Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001); *Wyatt*, 193 F.3d at 879; *Brown*, 139 F.3d at 1104.  Dismissal of the suit is appropriate when a prisoner has failed to show that he exhausted available administrative remedies.  *See Brown*, 139 F.3d at 1104.

In *Woodford v. Ngo*, -- U.S. --, 126 S. Ct. 2378 (2006), the Supreme Court stated that "the PLRA exhaustion requirement requires <u>proper exhaustion</u>."  *Woodford*, 126 S. Ct. at 2387 (emphasis added).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."  *Id.* at 2386.  Thus, when a prisoner's grievance is rejected by the prison

2

as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a § 1983 action in federal court  *Id.* at 2382-93; 42 U.S.C. § 1997e(a).

### III.  Discussion

Defendants seek dismissal of plaintiff's complaint for failure to comply with the exhaustion requirement of 42 U.S.C. § 1997e(a).  The Michigan Department of Corrections (MDOC) Policy Directives regulate the inmate grievance process.  Specifically, a prisoner must attempt to resolve an issue by speaking with the staff person within two business days of the incident, or, if he is not satisfied, the prisoner may file a Step I grievance within five business days of speaking with the staff person.  *See* MDOC Policy Directives 03.02.130(R), 02.02.130(X).

Plaintiff's complaint is based upon grievance no. JMF-05-10-00152-28e, in which he complains about the March 26, 2004 incident.  However, his Step I grievance was not filed until October 16, 2005 (nearly 1 1/2 years late).   MDOC officials rejected the grievance as untimely, noting that plaintiff failed to provide any evidence to establish that he was prevented from filing his grievance due to circumstances beyond his control.  In his Step II appeal, plaintiff claimed that he had been in segregation and administrative segregation since March 27, 2004 and that officers did not provide him with grievance forms. MDOC officials investigated the matter and denied the grievance as untimely at both Steps II and III, concluding that the grievance was untimely "without reasonable explanation."

Plaintiff's claims were not properly exhausted in compliance with PLRA.  *See Woodford*, 126 S. Ct. 2378.  Accordingly, his claims should be dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

### IV. Plaintiff's supplemental state claim

Finally, plaintiff has included a supplemental state law claim against defendants for violation of Article 16 of the Michigan Constitution. Section 1367 of Title 28 of the United States Code provides that "the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy." 28 U.S.C. § 1367(a). Here, the court exercised its supplemental jurisdiction over plaintiff's state law claims, presumably because those claims were intimately related to the alleged § 1983 violation. The dismissal of plaintiff's federal claim against defendants, however, requires the court to re-examine the issue of supplemental jurisdiction for state law claims against this defendant. Section 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." Thus, once a court has dismissed a plaintiff's federal claim, the court must determine whether to exercise, or not to exercise, its supplemental jurisdiction under § 1367. *See Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 892-893 (6th Cir. 1998).

As a general rule "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996). Here, the Court has rejected plaintiff's federal claims. There is no reason to retain supplemental jurisdiction over plaintiff's state law claims. Accordingly, the court should dismiss all of the state law claims asserted against defendants.

**V.      Recommendation**

I respectfully recommend that defendants' motion for summary judgment (docket no. 20) be **GRANTED** and that plaintiff's suit be dismissed.

I further recommend that the court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:  December 28, 2006           /s/ Hugh W. Brenneman, Jr.
                                    Hugh W. Brenneman, Jr.
                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).